Satendra Kumar SHARMA; Sashi Lata Sharma; Shennan Sangeta Sharma, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Sashi Lata Sharma; Shennan Sangeeta Sharma, Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Sashi Lata Sharma, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 03–70115, 04–70417, 04–71180. Agency Nos. A70–544–969, A70–544–970, A70–544–971.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 22, 2005.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, William C. Erb, Jr., Paul Fiorino, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM *

In this consolidated petition for review, petitioner Sashi Lata Sharma seeks review

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

of two orders of the Board of Immigration Appeals: a January 8, 2004 order denying her motion to reopen proceedings, and a March 5, 2004 order denying her motion to reconsider.[1] Because the details of the extensive prior proceedings in this case are well known to the parties, we discuss them here only to the extent necessary to explain our decision to deny the petition.

■ To begin, we note that the majority of Petitioner's arguments on appeal are styled as an attack on the BIA's decision not to exercise its *sua sponte* authority to reopen removal proceedings at any time, a decision which is firmly committed to agency discretion and is not reviewable. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Our review is therefore limited to Petitioner's attacks on the BIA's factual findings, interpretations of law, and questions of a constitutional nature, which we may properly review.

■ An alien may file one motion to reopen. 8 U.S.C. § 1229a(c)(7) (2005). The BIA properly determined that Petitioner's October 22, 2003 motion to reopen is number-barred. Petitioner filed a prior motion to reopen on March 6, 1998, and the BIA had no reason to discount that motion. We reject Petitioner's contention that the March 1998 motion "was never examined on its merits" as factually incorrect.

■ Further, the BIA's determination that the October 22, 2003 motion is time-barred is also correct. Subject to certain exceptions not applicable here, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)

(2005). Here, the Immigration Judge entered an order of removal on August 1, 1995, and Petitioner's October 22, 2003 motion to reopen was therefore clearly out of time.

■ Petitioner contends that, even if her motion to reopen was untimely and number-barred, the BIA erred by refusing to apply the doctrine of equitable tolling. We disagree. Petitioner has presented no evidence that she was "unable to obtain vital information bearing on the existence of [her] claim," *see Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (citation omitted), nor that she was the victim of "deception, fraud, or error," *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). The record reflects, to the contrary, that Petitioner intentionally disregarded a voluntary departure order for ten years and now seeks to avoid the consequences of that unlawful conduct in order to adjust her immigration status and remain in the United States. Equitable tolling is not applicable in such circumstances.

■ Petitioner also argues that the Immigration Judge violated her due process rights by failing to inform her of the consequences of violating the voluntary departure order issued in 1995. But because the BIA did not deny Petitioner's motion to reopen for any reason related to her failure to depart voluntarily, Petitioner cannot show she was prejudiced by the error and her due process claim necessarily fails. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002).

■ Finally, Petitioner argues that she received ineffective assistance of counsel

---

of this circuit except as provided by 9th Cir. R. 36–3.

1. Although Petitioner's consolidated case includes a petition for review of the BIA's December 9, 2002 order, Petitioner does not

challenge that order in her brief. Accordingly, her challenge to that order is deemed abandoned. *See generally Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir.2003).

with respect to a motion to reopen filed in July 2000. This claim fails both because Petitioner failed to present any supporting evidence of ineffective assistance, and because the BIA did not rely on the July 2000 motion to reopen in its decision to deny Petitioner's October 22, 2003 motion to reopen.

The petition for review is DENIED.